PEARSON, J.
 

 In this Court a preliminary question is raised: Should the transcript from the Superior Court be returned to the Equity side of this Court, and bo considered upon a motion, in the case there pending, or should it be returned to-the law side, and be considered as a distinct case in that Court ?
 

 This question, it is admitted, depends upon the nature of the proceedings, directed to bo had, in the Superior Court of Law, by the order in the cause in Equity. If an issue was directed, the return should be made to the Equity side of this Court; if, on the contrary, an action at law was directed, the return should bo to the law side.
 

 To decide upon the nature of the proceedings directed’, it is necessary, in the first place, to ascertain the difference between an
 
 issue
 
 and an
 
 action,
 
 so as to see in what cases the one is appropriate, according to the course and practice in Equity, and in what the other; for it is a fair inference, that the order intended to direct that proceeding which was appropriate. And, in the second place, to examine the order itself.
 

 First.
 
 If, upon the hearing of a cause in equity, a question of fact, upon which the case turns, is left doubtful by conflicting testimony, and the Court,, considering the inefficacy of written testimony, and the very defective manner in which
 
 *29
 
 depositions are usually taken, and. tbe many advantages of an examination of the witnesses, in the presence of a jury, is desirous of having the aid of a jury in deciding the question, it has power, under the act of 1836, Rev. Statutes, ch. 32, sec. 4, to direct an issue to be tried by a jury, and, for this purpose, may either cause a jury to be summoned, and try the issue before the Court itself, or may direct the issue to be sent to a Court of law for trial. Reid v. Barnhart, (which is reported in the first volume of Jones’Equity, p. 1,} is an instance of the latter.
 

 Owing to, the inconvenience and expense of having a jury, and the witnesses, to come to the' Court of Equity, it is most usual to send the issue to be tried at law. (Unless some objection is suggested,) the Court of the county where the parties and witnesses reside is selected to try the issue. When an issue is sent to a Court of Law, the Court of Equity does not part with the cause or the control of the issue, but simply calls into requisition the aid of the Court of Low, to act as a substitute for the jury, which might have been summoned to attend and try the issue in the Court of Equity : The consequence is, that, when the jury in the Court of Law return a verdict, that Court, having done all it was requested to do, can take no further action, and returns the verdict of the jury, together with the Judge’s notes, (or, as wo term it, a statement of the ease made by the Judge,) to the Court of Equity, where the cause, coining on for their directions, the Court will examine into all that took place at the trial. If it does not concur with the opinion of the Judge, in his charge to the jury, or, in the reception or rejection of evidence: or, if the jury have found against the weight .of the .evidence: or, even if it is not entirely satisfied with the sufficiency of the evidence upon which the verdict is returned, it will be set aside, and a new order be made to have the issue tried over again ; for the object of the issue is, “ to enlighten the conscience of
 
 *30
 
 the Chancellor/’ (as the English books express it;) that ia, to aid him in deciding the question of fact: As
 
 he
 
 is to make the decision, the finding of the jury is, of course, not conclusive upon him:
 
 lie
 
 may take the opinion of another jury, or he may decide the question of fact, against the finding of the jury:
 
 He
 
 will allow to it only the influence to which he may think it entitled. The responsibility, however, is upon him, and he must, at last, act on his own judgment, treating the verdict of the jury, as an individual does the opinion of a friend, whom he is at liberty to consult.
 

 *When the equity is based on a disputed legal right, but the trial of such right at law, is prevented by some impediment,
 
 (e. g.
 
 where ejectment cannot be brought, because of an outstanding term;) or where the defence sot up, in equity, involves a legal right,
 
 (e. g.
 
 bill for partition, as between tenants in common, the defendant sets up a claim in severalty,) a Court of Equity, instead of deciding upon the legal right, may direct an action at law, and retain the cause for further directions, contenting itself with merely removing the impediment, and requiring the parties to make all necessary admissions, for the purpose of having the right determined, according to the course of the Courts of Law, by directing, that the outstanding term, in the instance first put, shall not be insisted upon; and, in the other, that the-defendant shall admit an actual ouster. In such cases the Court does not, as in directing an issue, seek the aid of a Court of Law, for its own satisfaction; but it directs an action to be brought, upon the ground that the matter in controversy, being a legal right, ought to be determined by the judgment of a Court of Law. It follows, that the judgment, whether obtained upon a verdict or in any other shape, is conclusive. It also follows, being regularly instituted in a Court of Law, it is subject, exclusively, to the control of that Court. That Court may grant a certiorari; order a removal; direct a new trial: bills of exceptions may
 
 *31
 
 be tendered, and an appeal may be taken, in "the same manner, as if it was an independent suit,, and had been instituted without the intervention of a Court of Equity. After judgment is rendered, the parties can proceed no further at law; but must take a copy of the record into the Court of Equity, and bring the cause on for further directions. By way of illustration, in the examples given above, the plaintiff, if he succeeds, will move for a reference to take an account of the rents and profits ; or, will take a decree for partition. The defendant, if he succeeds, will move to dismiss the bill, and to be allowed his costs.
 

 Having pointed out the difference between an issue and action, it remains to be seen, which proceeding was appropriate to the case of these parties. It is apparent, it was the action. There was a legal demand, and the only ground for coming into equity was, that the loss 6f the note caused an impediment to the trial of a suit at law. It was proper, therefore, to remove the impediment, direct the plaintiff to bring an action at law, and retain the cause for further directions; so that, if the plaintiff obtained a judgment at Jaw, upon the cause coming on, for further directions, he might be required to give an indemnity. In this way, as is said, in the opinion delivered in Fisher v. Carrol, 6 Ired. Eq. 485, the parties will have the benefit of a trial at law, just as if the note had not been lost, and at the same time have the benefit of the relief given in equity. Thereby, preventing a change in the forum, except, so far, as it was necessary for the protection of the defendant.
 

 Upon an examination of the opinion in the cause in equity, it will be seen, that an action at law was directed, and to that end, the defendant was required to accept service of a writ in debt, upon a note for $768, (this instituted a suit in that Court,) and put his defence upon the plea of usury. Other necessary orders were made, and the only ground for doubt about the matter, grows out of the concluding words
 
 *32
 
 ■of the opinion, which wore also used in the interlocutory order, to wit-: “ The finding of the jury will .-be certified to this Court.”
 

 TJxese are the formal words-directing an issue, and are not appropriate when an action is directed.
 

 I confess, at the time I drew the opinion, I had not clearly fixed in my mind, the essential difference between “ an action” and an “issue,” and somehow or other, the want of form escaped the vigilance .of. the other two Judges. The best atonement for error, is to admit it fully and correct it as soon as possible.
 

 We feel relieved .by the fact, that the Judge of the Superior Court was not misled by it, but proceeded with the trial .as if it was an action. He, of course, had a right to grant a new trial, and the appeal was to the law side of this Court.
 

 The appeal must be dismissed, because their was .no judgment of the Superior Court. This opinion will be certified do the end that the Superior Court may proceed to try the .action, as instituted in that Court.