## SANDERS v. DEVEREUX et al.

### (Circuit Court of Appeals, Eighth Circuit. February 12, 1894.)

#### No. 331.

1. PARTITION—POSSESSION—JURISDICTION.

   The circuit court of the United States cannot entertain a bill to partition lands where the complainant has been disseised, and the lands are held adversely by the defendants, and the purpose is to recover possession of the premises in dispute as well as to partition them, even though such a proceeding may be maintained in the courts of the state.

2. SAME—BILL—DEMURRER.

   Where a bill for partition does not state that the complainant is seised or possessed of the land, and shows that the land is within a city, and has been subdivided into numerous lots, claimed by different persons, it will be construed, on demurrer, as showing that the complainant has been disseised.

3. EQUITY PRACTICE—DISMISSAL WITHOUT PREJUDICE.

   A dismissal of a suit in equity on the ground' that there is an adequate remedy at law should be without prejudice to the right to sue at law.

Appeal from the Circuit Court of the United States for the District of Kansas.

Suit by Antoinette C. Sanders against Thomas Devereux and others for partition. The suit was dismissed on demurrer. Complainant appeals.

This was a bill filed by the appellant, a citizen of the state of Illinois, against more than 100 defendants named in the complaint, who were, for the most part, citizens of the state of Kansas, to obtain a partition of the N. W. ¼ of the S. W. ¼ of section 23, in township 27, range 1 E., in Sedgwick county, Kan., which tract of land appears to be within the corporate limits of the city of Wichita. The bill contained the following averments, in substance: That on December 11, 1873, Lindley Lee and wife conveyed the property in question to George A. Sanders, the husband of the appellant, as trustee for their three minor children, to wit, Walter L., Alice B., and Fannie A. Sanders. That such deed had the effect, under the statutes of Kansas, of conveying directly to the three children aforesaid an estate in fee simple in said lands, which they held as joint tenants, and not as tenants in common. That Alice B. Sanders died on February 19, 1876; that Fannie A. Sanders died on February 22, 1876; and that the title to said property thereupon became vested in Walter L. Sanders, the surviving joint tenant. That Walter L. Sanders subsequently died, intestate, on July 20, 1888, leaving no wife or children, and that by virtue of his death his mother, the present appellant, became entitled to an undivided one-half of the above-described property, under and by virtue of the laws of descent of the state of Kansas. The bill of complaint further disclosed that on the 3d day of March, 1883, subsequent to the death of her two children, Alice B. and Fannie A. Sanders, the appellant, Antoinette C. Sanders, had joined with her husband, George A. Sanders, in a deed to Thomas Devereux, which on its face purported to convey the whole property above described, and the entire title thereto, to said Devereux, with full covenants of warranty. It was further disclosed by the bill that on March 7, 1883, George A. Sanders had executed a further conveyance of the same property to said Devereux, which was signed by the grantor as trustee for his children, Walter L., Alice B., and Fannie A. Sanders, two of whom were then dead. The appellant averred that she joined her husband in executing the deed of March 3, 1883, in the belief that her husband was thereby conveying some interest which he then had in the property, and that her signature was necessary to relinquish her inchoate right, under the laws of Kansas, in and to the real estate of her said husband, which he was then conveying. She further averred that she did not intend to join, and did not in fact join, in the covenant of general warranty which that deed contained.

The bill also averred in substance, that Thomas Devereux conveyed the property in controversy to John M. Steele on March 17, 1883, by a warranty deed which purported to convey the whole property and the entire title; that on November 5, 1883, Steele, in like manner, conveyed the land to A. C. Payne; that on September 30, 1884, Payne platted the property, laying it off into blocks, with streets and alleys, and caused the plat to be duly filed and recorded under the name of College Hill addition to the city of Wichita; that Payne thereafter sold and conveyed by warranty deed various portions of the property which had been thus platted, to several different grantees, and in such deeds described the property sold by subdivisions and lots, according to the recorded plat. The bill further showed that thereafter certain portions of said property had been subdivided into smaller lots, and had again been platted as "Hillside Subdivision of College Hill Addition," and as "Lenore Addition to the City of Wichita." The appellant averred that the platting of the property last aforesaid was done without her knowledge or consent, and that the aforesaid deeds, purporting to convey the whole title to the property therein described, were each made and delivered without her knowledge or consent. She also averred that all of the persons named as defendants in the bill were severally claiming some interest in the property, the precise nature of which she was unable to state, under the two deeds executed by herself and husband on March 3 and March 7, 1883. The bill contained no averment that at the time the suit was instituted the complainant was seised or possessed of any portion of the property in dispute, or that she had ever been in possession of the same or of any part or portion thereof. The circuit court sustained a general demurrer to the complaint, for want of equity, and thereupon entered a final decree dismissing the same. To reverse that decree the complainant has prosecuted an appeal to this court.

Almerin Gillett (L. B. Kellogg, on the brief), for appellant.

David Smyth (George L. Douglass, C. H. Brooks, Edwin W. Moore, W. E. Stanley, and J. E. Hume, on the brief), for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge, after stating the case as above, delivered the opinion of the court.

The first question which deserves consideration on this appeal is whether, under the averments of the complaint, a federal court sitting in Kansas has any jurisdiction to administer equitable relief. The bill may be searched in vain for any allegation that is tantamount to a direct averment that the appellant is now seised and possessed of any part or parcel of the lands which form the subject-matter of the controversy, while the strongest inference arises from several allegations, and from the whole scope and tenor of the complaint, that she has been actually disseised, and that the property is now occupied in severalty by numerous persons, who are holding the same adversely to the appellant. The bill shows that she is a nonresident of the state of Kansas; that more than 10 years ago, being then a nonresident, she joined with her husband in a deed containing a covenant of general warranty, which purported to convey the whole property and the entire title; that many deeds of a like character, affecting certain portions of the land, have since been made by divers and sundry persons claiming under the conveyance executed by the appellant and her husband; that the entire property has been platted as an addition to the city of Wichita; and that portions thereof have been subdivided into smaller additions

to the same city. We are no doubt authorized to infer from what is alleged in this respect that for eight or ten years, at least, the property has been situated within the corporate limits of a large city, and has frequently changed hands, and been to some extent improved; and this fact, taken in connection with the number of persons who have been made parties to the bill, justifies us in further assuming that some of the defendants are now in the actual possession of their several holdings, and are claiming the same adversely to the appellant, and disputing the validity of her alleged title. Under other circumstances, for example, if the bill fairly showed that the tract sought to be partitioned was country property or wild land, we might hold, even in the absence of any allegation as to possession, that enough facts are alleged to enable the complainant, at common law, to maintain an action for partition, upon the theory that a legal title to land carries with it a constructive possession; but as the case stands, on the averments of the present complaint, no presumption can be indulged in that the property is vacant and unoccupied. On the contrary, we cannot shut our eyes to the fact that the present proceeding is evidently a declaration in ejectment stalking in the guise of a bill for partition. The allegations of the complaint must be construed most strongly against the pleader, and whatever doubts are raised by the bill as to the appellant being seised and possessed of the property must be resolved against her. Acting in accordance with these views, we must hold that the bill shows, by the most persuasive inference, that the appellant has been disseised, and that the property in controversy is occupied in separate tracts by the numerous defendants named in the bill, who are now holding the same adversely to the complainant.

The question then arises, which we stated at the outset, whether the United States circuit court for the district of Kansas had any jurisdiction to enter a decree of partition which was prayed for in the bill. It is not denied, as we understand,—and the authorities to this effect are numerous and uniform,—that at common law a bill for partition would only lie in favor of one who had the seisin, and immediate right of entry. At common law, if a party entitled to bring a suit for partition became disseised, he could not maintain the action until he had established his right of possession by an action in ejectment, or other equivalent proceeding at law. In other words, a suit in partition could not be maintained on a mere right of possession, if the property was in fact held adversely, and it was not recognized as a proper action by which to recover the possession of real property where the plaintiff had been disseised. These principles are fundamental. Co. Litt. 167a; 16 Vin. Abr. 225; Adams v. Iron Co., 24 Conn. 230; Clapp v. Bromagham, 9 Cow. 530, 560, 561; Lambert v. Blumenthal, 26 Mo. 471; Burhans v. Burhans, 2 Barb. Ch. 398, 408; Shaw v. Gregoire, 41 Mo. 407; 1 Washb. Real Prop. p. 715. It is claimed, however, by the appellant,—and this is the point on which the question of equitable jurisdiction finally turns,—that under the practice which prevails in Kansas a bill for partition may be maintained by a tenant in common, though he is

out of possession, and has been disseised by his cotenant. Hence, it is argued that under like circumstances a bill for partition may be entertained by the federal circuit court for the district of Kansas. We shall not dispute the first proposition, touching the practice which now prevails in Kansas. In an early case decided in that state (Squires v. Clark, 17 Kan. 84), Mr. Justice Brewer, then a member of the supreme court of Kansas, intimated a doubt whether a tenant in common, who had been disseised, could maintain a suit for partition until he had established his right of possession by a suit at law. He further called attention to a fact, which is still noteworthy, that the statutes of Kansas do not undertake to determine or to define the circumstances under which a suit for partition may be maintained. Unlike the laws of many other states, the statutes of Kansas simply regulate the mode of procedure in suits for partition. It may be conceded, however, that since the decision in Squires v. Clark, supra, the practice has become established, apparently without debate or controversy, of entertaining suits for partition at the instance of a suitor who has been disseised. Scantlin v. Allison, 32 Kan. 376, 4 Pac. 618; Ott v. Sprague, 27 Kan. 620. It by no means follows, however, because a practice of that nature prevails in the state courts, that a bill for partition can also be entertained by the federal courts sitting in that state, when it appears that the complainant has been disseised, and that his right of possession is disputed, and that the property sought to be partitioned is actually occupied by an adverse claimant. The federal courts cannot properly entertain a bill in chancery to partition lands unless a state of facts exists which would warrant such an action according to the general rules of equity jurisprudence and practice. In the courts of the United States a bill for partition certainly cannot be used as a mere substitute for an action in ejectment, or interchangeably with a suit at law of that nature, to establish a plaintiff's right of possession. A practice of that kind, if tolerated, would be in clear violation of section 723, Rev. St. U. S., which provides that "suits in equity shall not be sustained in either of the courts of the United States where a plain, adequate and complete remedy may be had at law." Hipp v. Babin, 19 How. 271, 277. Moreover, if a suitor was allowed to file a bill for partition to establish his title and right of possession after a disseisin, the adverse claimant and occupant would, in effect, be deprived of his right to a trial by jury, on a strictly legal issue, contrary to the seventh amendment of the constitution of the United States, as was pointed out by Mr. Justice Field in Whitehead v. Shattuck, 138 U. S. 146, 151, 11 Sup. Ct. 276. This question has been frequently discussed, and, so far as we are aware, it has always been held that, where a bill shows on its face that the purpose of the plaintiff is to recover the possession of real property that is occupied by an adverse claimant, the bill must be dismissed, unless it is further shown by the complaint that the aid of a court of equity is necessary to remove obstacles which stand in the way of a successful resort to an action of ejectment, or unless it appears that the plaintiff's title has been established at law, and that equitable aid is necessary to prevent a

multiplicity of suits, or that equitable aid is necessary for some other good and sufficient reason stated in the bill. In the case of U. S. v. Wilson, 118 U. S. 86, 6 Sup. Ct. 991, the government, having a title to certain lands acquired under the internal revenue laws, filed a complaint against certain persons, who were in possession of the premises, to remove a cloud upon its title, consisting of an alleged fraudulent deed. It was held by the court (citing numerous cases in support of the proposition) that as, under the averments of the bill, the United States had a legal title, which was paramount to the alleged fraudulent deed, and as the defendants were in possession, the case was not one of equitable cognizance, and that the bill should have been dismissed on that ground. In Whitehead v. Shattuck, supra, it was held that a person out of possession, but claiming to have the legal title to certain lands, could not maintain in the federal courts a bill to quiet title, against defendants who were in possession, although a statute of the state permitted an equitable proceeding to be brought in the state courts to establish the title and to recover the possession. The court said, in substance, that a statute of a state could not be allowed to override the federal statute, heretofore quoted, which declares that the courts of the United States shall not assume equitable jurisdiction where there is a plain, adequate, and complete remedy at law. And, in an opinion recently delivered by this court, Judge Caldwell remarked, in a case where for special reasons, disclosed by the opinion, the equitable jurisdiction was upheld, that, "if the defendant was in possession of the property, the plaintiff had an adequate remedy at law, and could not resort to equity, although the state statute conferred equitable jurisdiction on the state courts in such a case." Bigelow v. Chatterton, 10 U. S. App. 267, 280, 2 C. C. A. 402, 404, 51 Fed. 614.

It is hardly necessary to pursue the subject at any greater length. The cases of Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, and Reynolds v. Bank, 112 U. S. 405, 5 Sup. Ct. 213, on which much reliance seems to be placed, as explained and perhaps qualified in the later case of Whitehead v. Shattuck, supra, contain nothing in opposition to the foregoing views. In the first of these cases, which was a proceeding in equity authorized by a statute of Nebraska to quiet title, both the complainant and the defendant were out of possession, the premises in dispute being wild and unoccupied land. Vide 110 U. S. 21, 3 Sup. Ct. 495. An action in ejectment, under such circumstances, would not lie; and it was held that as there was no adequate remedy at law a federal court sitting in Nebraska might lawfully enforce the provisions of the state statute. The second case above referred to enunciates the same doctrine,—that, where equitable rights have simply been enlarged by a state statute, they may be enforced by the federal courts, substantially as directed, if the common law affords no adequate means by which to redress the wrong which the statute was intended to remedy. It follows from what has been said that this court is of the opinion that the bill in the present instance did not state a case within the equitable jurisdiction of the circuit court, and that it was properly dismissed

for that reason. We observe, however, that the decree dismissing the bill is general, and does not preserve to the appellant her right to sue at law, if she so elects. The case is therefore remanded to the circuit court with directions to add to the existing decree a clause that the dismissal ordered is without prejudice to the complainant's right to sue at law; and, as thus modified, the decree below is affirmed, at the cost of the appellant.