FREY et al. v. WILLOUGHBY et al.

(Circuit Court of Appeals, Eighth Circuit. September 24, 1894.)

No. 310.

1. FEDERAL COURTS—EQUITY JURISDICTION—PARTITION—REMEDY AT LAW.

A tenant in common who is out of possession, and who has been disseised by his cotenant, who is in possession of the land, claiming title to the whole of it, cannot maintain a bill for partition in the federal courts until he has established his title and right of possession by a suit at law.

2. SAME.

Where one of several cotenants in a tract of land, claiming the sole title thereto, sold and conveyed the land to a third party, who, in turn, sold and conveyed portions thereof to others, and thereupon the other cotenants instituted a suit in equity to have the deed and all other conveyances which had been made conveying the land, or any portion thereof, canceled and decreed null and void as against their interests, and also praying for a partition of the same, the court *held* that a federal court of equity had no jurisdiction, since the complainants had a plain, adequate, and complete remedy at law.

Appeal from the Circuit Court of the United States for the District of Nebraska.

This is a suit in equity commenced in the United States circuit court for the district of Nebraska by Jacob Willoughby and six others against Henry H. Frey and 26 others. In substance, the bill avers that the seven complainants and Isabella Willoughby (now Isabella Adams) are the only and equal heirs at law of James D. Willoughby, who died, intestate, on the 9th day of July, 1882, seised in fee of the 10 acres of land, described in the bill, which descended in fee simple to the complainants and Isabella Adams, as his only heirs, in equal parts, each heir being entitled to one-eighth of the land; that Isabella, claiming to be the sole and only heir of James D., on the 24th of November, 1884, sold and conveyed the land to William Lang, who sold and conveyed it to the defendant Henry H. Frey; and that Frey and one of his grantees laid out and platted the 10 acres into lots, blocks, streets, and alleys as an addition to the city of Lincoln, Neb.; and that the other defendants had purchased lots in the addition from Frey and his grantees. The prayer of the bill is "that a decree of this court may be entered establishing and quieting the title of your orators in and to the said premises according to their respective rights, as alleged in this bill; and that it may be decreed that each of your orators is an equal and joint heir in the estate of James D. Willoughby, with equal interests and rights in and to the said premises with the said Isabella Adams; and that the deed of said Isabella Adams and all other conveyances which have been executed, conveying the said premises, or any portion thereof, be canceled and decreed to be null and void as against the seven-eighths interests of your orators in and to the said premises. Your orators further pray that judgment and decree may be entered confirming the shares of the parties as above set forth, and for a partition of said real estate according to the respective rights of the parties interested therein." The answer denied that the complainants were heirs of James D.; averred that Isabella was his only heir, and that the complainants had no interest whatever in the land; that the defendants were in the actual possession of the land, and had made valuable improvements thereon; and that they and their grantors had paid the taxes thereon since the year 1882. The defendants, in their answer, and by special plea, objected to the jurisdiction of the court, upon the ground that the bill did not state a case of equitable cognizance, but showed that the complainants' remedy was at law. The parties stipulated that the defendants were purchasers in good faith, and for value, without notice of the complainants' claim, and that they "took possession under their deeds at the

date thereof, and are still in possession." The circuit court overruled the defendants' objection to its jurisdiction, and found and decreed that the complainants were heirs of James D., and as such severally inherited one-eighth of the land in controversy, and that their title thereto was not affected by the conveyance made by Isabella, whose deed and all subsequent deeds executed by her grantees only passed the title to one-eighth of the land, and were null and void as to the remaining seven-eighths. From this decree the defendants appealed to this court.

A. J. Sawyer (N. Z. Snell, Lincoln Frost, S. L. Geisthardt, S. B. Pound, and L. C. Burr, on the brief), for appellants.

T. M. Stuart, T. M. Marquett, J. W. Deweese, and F. M. Hall, filed brief for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Upon the averments of the complainants' bill and the stipulation of the parties, a federal court of equity could not take cognizance of this suit, over the timely objection of the defendants that the complainants had a plain, adequate, and complete remedy at law. It is admitted that the defendants are in the actual possession of the land, claiming to have the legal title thereto. The complainants claim to be the owners in fee simple of seven-eights of the land. The title they set up and rely on is a legal title, and their remedy to recover the land against those in possession, claiming it by a paramount title, is by an action at law, and not by a bill in equity. The complainants' remedy at law is plain, speedy, and adequate. There is no impediment to its assertion; and, where this is the case, one claiming to be the owner in fee of lands which are in the actual adverse possession of another cannot maintain a suit in equity in the federal court in the state of Nebraska, or in any other state, against the party in possession to recover the possession of the land, or to establish his title thereto. Sanders v. Devereux, 8 C. C. A. 629, 60 Fed. 311; Hipp v. Babin, 19 How. 271, 277; Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276; Leighton v. Young, 10 U. S. App. 298, 3 C. C. A. 176, and 52 Fed. 439; Bigelow v. Chatterton, 10 U. S. App. 267, 280, 2 C. C. A. 402, and 51 Fed. 614.

The holder of the legal title, or one whose bill upon its face shows him to be such, cannot evade this rule, and deprive his adversary of his constitutional right of trial by jury, by alleging that the title of the defendant in possession, claiming to own the fee, is a cloud upon his title, and asking to have it removed; or by alleging that the plaintiff and defendant are tenants in common, and praying for a partition. The proper mode of removing the so-called "cloud" in such a case is by an action at law for the recovery of the land. If the plaintiff recovers in the action, the cloud is effectually dissipated. Nor can a tenant in common who is out of possession, and who has been disseised by his cotenant, who is in possession of the land, claiming title to the whole of it, maintain a bill for partition in the federal courts until he has established his right of possession by a suit at law. Sanders v. Devereux, supra, and cases cited. The rules that obtain where the plaintiff's title is equitable, or the land

is vacant and unoccupied, have no application to this case, and need not be discussed. Vide Lamb v. Farrell, 21 Fed. 5. Whether, under the Nebraska statute and the decisions of the supreme court of that state, a bill like this could be maintained in the courts of that state, we need not inquire; for neither a state statute nor the decisions of a state court can do away with the act of congress (section 723, Rev. St.) which declares that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law," or deprive a suitor in those courts of his right of trial by jury, secured to him by the seventh amendment to the constitution of the United States.

The decree of the circuit court is reversed, and the cause remanded, with directions to dismiss the bill at the complainants' cost, without prejudice to their right to sue at law.