## GOMBERT et al. v. LYON et al.

(Circuit Court, D. Nebraska. May 3, 1897.)

FEDERAL COURTS—EQUITY JURISDICTION—STATE STATUTE—REMOVED CASES.

A suit brought in a state court, under a state statute, to quiet title against one in possession, is an equitable suit, which cannot, after removal to a federal court, be prosecuted therein, because there is an adequate remedy at law. The federal court will not, however, dismiss the suit, but will remand it to the state court.

Benjamin S. Baker and Cole & Brown, for complainants.
L. C. Burr and Searl & Coleman, for respondents.

MUNGER, District Judge. Complainants brought this action in the state court to quiet title in them against the claim of title on the part of the respondents to certain real estate in the bill described, situate in the state of Nebraska. The complainants in their bill allege they are the owners in fee simple of said real estate. The respondents deny complainants' title; allege title in themselves, and that they are in the possession of said premises. By the pleadings and proof it is clearly shown that respondents are now, and were at the time of the bringing of the action, in the possession of said real estate. Respondents removed the case into this court on the ground that a federal question was involved, and now move to have the case dismissed for the reason that the action is an equitable one, and that this court has no jurisdiction to determine the rights of the parties in an equitable proceeding, as complainants have an adequate remedy at law. The action is one in equity, and is authorized to be brought and maintained in the state court by the provisions of the state statute. Comp. St. Neb. 1895, c. 73, § 57; Foree v. Stubbs, 41 Neb. 271, 59 N. W. 798; Dolen v. Black, 48 Neb. 688, 67 N. W. 760. It is claimed on the part of complainants that this equitable remedy given by the state statute may be maintained in the federal courts, and they cite in support thereof Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495; Reynolds v. Bank, 112 U. S. 405, 5 Sup. Ct. 213; and Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557. We do not think these cases so hold. Holland v. Challen was a case involving, it is true, this statute of Nebraska; but in that case there was no one in possession of the premises, and complainant had no adequate remedy at law. In Reynolds v. Bank the question as to whether complainant had a complete adequate remedy at law did not arise. In Arndt v. Griggs it was held that "a state may provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which the defendant, being a nonresident, is brought into court by publication." The judiciary act provides "that suits in equity shall not be sustained in either of the courts of the United States, in any case where plain, adequate and complete remedy may be had at law." In Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, it was held that a demurrer was properly sustained to a bill that alleged that the plaintiff was the owner in fee of the premises; that, notwithstanding such ownership, defendants were in possession, holding the same adversely under claim of title,—on the ground that plaintiff had a plain,

80 F.—20

adequate, and complete remedy at law. To the same effect are the following: Sanders v. Devereux, 8 C. C. A. 629, 60 Fed. 311; Frey v. Willoughby, 11 C. C. A. 463, 63 Fed. 865. In the case before us it seems clear that plaintiffs, under the pleadings, have an adequate and complete remedy by the action of ejectment, and for that reason this action cannot be maintained in this court. But should the motion to dismiss be sustained? We think not. The case was one properly brought in the state court. That court was given jurisdiction by the state statute to determine the controversy between the parties in this equitable proceeding, and to dismiss the action would be, in effect, to hold that the state court did not have jurisdiction, and thus nullify the state statute. We think the proper proceeding is to remand the case to the state court, and this view we think sustained in Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977. The case will be remanded to the state court at the cost of respondents.