GILBERT et al. v. HOPKINS et al.

(Circuit Court, W. D. North Carolina. July 8, 1909.)

PARTITION (§ 17*)—SUIT FOR PARTITION IN FEDERAL COURT—EQUITY JURISDICTION—DISPUTED TITLE.

Where, in a suit for partition in a federal court, whether brought in or removed into such court, defendant denies complainant's title and pleads sole seisin in himself, an issue is raised triable only at law, and the court, on motion therefor, at any time, even after issue has been joined and testimony taken, will stay the suit to permit the plaintiff to establish his title by an action at law.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 54; Dec. Dig. § 17.*]

In Equity.

This is a suit for partition, originally instituted before the clerk of the superior court of the county of Graham, N. C. Upon application of the defendants, the cause was removed to this court and docketed on the equity side of the docket. In the petition upon which this suit is based, it is alleged: That, on the 3d day of November, 1860, and subsequently, the state of north Carolina issued to W. H. Peet and L. W. Gilbert a number of grants, to which reference is made by giving the number of said grants, the number of acres contained therein, etc.; that the said L. W. Gilbert is dead; and that the plaintiffs are his heirs, and only heirs at law, and as such inherited from their father an undivided interest in half of said lands. It is also alleged on information and belief that the defendants above named, "by sundry means of conveyances, acquired and now own an undivided half interest in said lands which was granted by the state to the said W. H. Peet; so that the said plaintiffs and the said defendants both own and claim their respective interests in the said lands through and under the grants issued as aforesaid." The petitioners prayed that the court "appoint three commissioners to divide the same into two equal shares, and by proper metes and bounds to allot to each petitioner jointly one share thereof; and, if an equal division thereof cannot otherwise be made, then to charge the more valuable dividends with such sums as they shall deem necessary to be paid to the dividends of the lesser value in order to make the division equal, and to report their proceedings under their hands and seals to this court."

The defendants, in their petition to remove this cause, among other things, allege:

"Your petitioners, the defendants in said suit, deny and resist the said claim of the said plaintiffs to any interest in the said lands and to any relief set forth and prayed for in said suit and petition, and aver that the said plaintiffs have no interest in the said lands and are not entitled to any judgment in their favor in this respect, and that the said defendants are the sole owners of said lands."

In the answer filed herein, the defendants, among other things, aver:

"That these defendants have not any knowledge or information thereof sufficient to form a belief as to the truth of that portion of the second paragraph in the said complaint, which alleges that L. W. Gilbert is dead, and that the plaintiffs named are his heirs and only heirs at law, and they deny the same; but they specifically deny that the plaintiffs, either as heirs at law or in any other way, acquired or had, at the filing of this petition, an undivided one-half of the said lands or any interest therein. On the contrary, they aver that at the time of the commencement of this proceeding, and now,

they, these defendants, are the sole owners in fee of the said lands, and that the said plaintiffs have not, and did not have at the commencement of this proceeding, any interest therein. And these defendants, replying to the allegations contained in the third paragraph of the said petition, allege: That they are the owners in fee, and, as such, are seised, not only of an undivided half interest in said lands, but of the entire estate and interest therein, and that it is not true, as therein alleged, that the plaintiffs have any interest in said lands whatever. That it is not true, as alleged in the fourth paragraph of said complaint, that the petitioners are the owners in fee, as tenants in common, with the defendants, of the said lands, or that the petitioners have an undivided, or any other, interest therein; nor is it true that the petitioners, or any one of them, have had any possession of the said lands, or made any claim thereto, for more than 20 years prior to the commencement of this suit. On the contrary, these defendants aver: That the said petitioners never had a one-half or any other interest in said lands; that the defendants are the sole owners and solely seised of the entire interest and estate therein, and the defendants and those under whom they claim have been for more than 20 years prior to the commencement of this suit in open, notorious, continuous, and adverse possession thereof as against the said petitioners and all other persons, under and by virtue of their title as sole owners of the said lands."

The defendants also filed a cross-bill, in which they set out fully their chain of title, showing what purports to be a legal title to the premises in question, which had been set forth in the answer, to which reference has heretofore been made. They allege that "in the month of ——, in the year 1865, certain persons, pretending to be the heirs of William H. Peet, attempted to convey a one-half interest in the said lands to the said Lyman W. Gilbert, the alleged ancestor of the defendants to this cross-bill, by a certain deed of conveyance, which has been recorded in Cherokee county, in the state of North Carolina, being the county whose original boundaries contained these lands; but that in fact such conveyance was inoperative and void under the laws of the state of North Carolina, and conveyed no interest, and yet is a cloud upon the title." And accompanying this allegation is an averment to the effect that cross-complainants are remediless at law, and a prayer to the effect that they may have the relief which can be obtained in a court of equity.

Thereafter the defendants filed an amendment to the cross-bill to which reference has been made, section 5a of which reads as follows:

"And your orators further allege and show: That the deed of conveyance from the said L. W. Gilbert, for his interest and estate in said lands, to the said W. H. Peet, executed on or about the 1st day of March, 1861, as hereinafter set forth, was duly and properly executed, and in law and equity conveyed to the said W. H. Peet, in fee, all the right, title, interest and estate which the said Gilbert then had in said lands. That the execution of said conveyance was duly proved, and it was adjudged to be recorded, and shortly afterwards was recorded, in the office of the register of deeds in and for the county of Cherokee, state of North Carolina; the said lands then being situate in the said county. But nevertheless, as complainants are informed, the officer making such registration of said deed failed to copy upon the record thereof the seal, or device used and adopted by said Gilbert as and for his seal in the execution of said deed; and your orators are advised and believe that the defendants in this cross-bill now, and for some time back, insist and claim that by reason of the failure of said officer to copy said seal, upon said record, the registration thereof was wholly invalid for any purpose, and that no title was conveyed thereby. And your orators aver that the original of said deed of conveyance would show not only that it was properly executed and properly proved, and the register of deeds, indorsed thereon that the same had been correctly recorded; but now it is, and the said officer is long since dead, and your orators have, after most careful and diligent searches of the papers, records, and muniments of title of themselves, and each of them, of the various persons under whom they claim, of the office of the register of deeds for said county of Cherokee, and all other places where it was suggested that it might be found, but they have been unable to find said original. And they aver and show unto your honors that they never had said original

deed in their possession and never saw it; but in all their investigations and uses of said conveyance in the assertion of their rights thereunder they relied upon certified copies from the office of the register of deeds of Cherokee county, and it was never suggested or claimed by any one until about the time the defendants brought their suit for the partition of said lands, as set forth herein, that said deed was never executed with the formalities required, or alleged to be required to make it effectual to convey the interest and estate by the said L. W. Gilbert.

"And your orators are advised, and so aver the fact to be, that this unjust and unconscientious claim so now set up by the defendants constitutes a cloud upon the title of your orators to the said lands, and seriously threatens to and does interfere with the enjoyment and profitable use and disposition of their interest and estate in the said lands; and your orators aver that they are advised and believe that they are entitled to the relief by this honorable court that it be adjudged by the said court that the said deed from the said Gilbert to the said Peet was duly executed, admitted to probate, and recorded, and that the effect in law and equity of such deed so executed, admitted to probate, and recorded was to convey in fee all the right, title, and interest of the said Gilbert in and to the lands aforesaid to Peet, his heirs and assigns, and that these defendants have since duly and lawfully acquired the entire estate and interest of the said Peet and Gilbert in and to the said lands, and are now the true owners thereof, and that the said claim of the said plaintiffs so set up in their said bill of complaint as hereinbefore mentioned, as well as their contention that the said deed from ancestors of the said Gilbert to the said Peet, was not duly executed and proved, and was invalid for any purposes, and should be adjudged to be a cloud upon the title of these defendants to the said lands, and that the same should be removed.

"And your orators pray your honor may adjudge and decree: That the alleged claims of the defendants in the cross-bill herein are invalid and void; that the defendants herein have not, nor has either of them, any estate or interest in said property or any part thereof; that your orators are the owners in fee of the said property; and that the defendants and each and every of them are forever barred from the same, or claiming any estate or interest therein."

On the 1st day of July, 1907, an examiner was appointed, who is proceeding under the order of the court to take the testimony as provided therein.

Dillard & Bell, Merrimon & Merrimon, and Moore & Rollins, for plaintiffs.

Davidson, Bourne & Parker and C. B. Matthews, for defendants.

PRITCHARD, Circuit Judge (after stating the facts as above). As shown by the statement of facts, this is a petition for partition filed by the plaintiff in the superior court of Graham county, and which, upon application of the defendants, who are nonresidents, was removed into this court. Notwithstanding issue has been joined, and a cross-bill and amendment thereto filed, and a considerable amount of evidence taken by the examiner, it is insisted by counsel for plaintiffs that, inasmuch as the defendants in their answer interpose the plea of sole seisin, the proceedings herein should be suspended, and that the plaintiffs should be directed to institute an action at law for the purpose of establishing their title to the lands in controversy, and that the proceedings in this court, in so far as they relate to partition, should, in the meantime, be held in abeyance in order that the issue as to whether the plaintiffs have title to said lands may be determined.

I will first consider the question as to whether, in a case like the one at bar, wherein partition proceedings have been instituted and the de-

fendant files an answer which raises an issue as to the plaintiff's title to the land sought to be partitioned, a court of equity would have jurisdiction to determine the issue thus raised. It has been repeatedly held that, where one institutes partition proceedings, and the defendant raises the issue as to whether the plaintiff is the owner of the premises in question, the issue thus raised is cognizable in a court of law, and the parties are entitled to a trial by jury; and this is precisely the kind of case that is presented to the court at this time, the plaintiffs alleging that, as heirs at law of their ancestor, I. W. Gilbert, deceased, they are entitled to a one-half interest in certain tracts of land of which the said Gilbert was seised and possessed at the time of his death. The defendants deny the allegations of the petition, and also deny that the plaintiffs have any right, title, or interest in any of the said lands whatsoever, and further aver that they are the true and sole owners of the boundaries of land sought to be partitioned. It is true that the defendants insist in their cross-bill that a certain deed made by the heirs at law of the said Peet is void, and seek to have the same canceled, and urge that the same is sufficient to give a court of equity jurisdiction of the subject-matter. The defendants, with great particularity, set out their chain of title, beginning with the grant from the state of North Carolina, and, among other things, include certain proceedings instituted by administrators and others so as to form a complete chain of what purports to be a title to the lands in controversy.

It is insisted that this deed was made by the heirs at law of the said Peet at a time when the title to the same had passed from the said Peet, and that therefore the deed is absolutely void. Thus it will be seen that, according to the contentions of the defendants, as set forth in their pleading, the defect of which they complain in this respect, can be taken advantage of in a court of law. Such being the case, the defendants can therefore obtain a complete and adequate remedy at law, and are not entitled to invoke the aid of a court of equity upon that score. The defendants, by their own pleading, have shown that this case is not cognizable in a court of equity, and cannot now, by pleading or otherwise, change the character of this proceeding so as to deprive the plaintiffs of the right of trial by jury on the issues thus raised by themselves.

The plaintiffs insist that upon the issue being thus raised they are entitled to a trial by jury. In the case of Baylis v. Traveler's Insurance Company, 113 U. S. 316, 5 Sup. Ct. 494, 28 L. Ed. 989, Justice Matthews, who delivered the opinion of the court, said:

"The right of trial by jury in the courts of the United States is expressly secured by the seventh article of the amendment to the Constitution, and Congress has, by statute, provided for the trial of issues of fact in civil cases by the court without the intervention of a jury only when the parties waive their right to a jury by a stipulation in writing. Rev. St. §§ 648, 649 (U. S. Comp. St. 1901, p. 525)."

The rule which applies in a case like this is well-stated by Street, in his work on Federal Equity Practice (page 940), in which it is stated:

"In the practice of the federal courts, the direction of an action at law is indicated as proper in partition suits. Upon well-accepted principles a plaintiff cannot maintain a bill of partition unless he shows title in himself, and such a title as will establish his right, as against the defendant, to a partition. Where the plaintiff's legal title is disputed, the court of equity declines jurisdiction to try the question, but, in analogy to the case of dower, will retain the bill for a reasonable time, until an action has been brought and the issue of title determined at law."

This is a clear and conise statement of the doctrine that the plaintiff cannot maintain a bill of partition unless he shows title in himself, and that, when such title is disputed by the defendant, a court of equity will decline to try such question, but will retain the bill for a reasonable length of time to enable the plaintiff to have his title determined in an action at law.

In the case of Brown et al. v. Cranberry Iron & Coal Company (C. C.) 40 Fed. 849, Judge Dick, District Judge, among other things, said:

"As the plaintiffs are nonresidents, they have an undoubted right to institute their suit in this court, and are under no obligations to seek remedy and relief in a state court. They could not, on the law side of this court, avail themselves of the proceedings for partition provided for by the local laws, as such proceedings blend legal and equitable questions and modes of procedure. If such proceedings were instituted against them in a state court, and were removed to this court upon their application, the case thus removed would be placed on the equity side of the docket.

"The concurrent jurisdiction of a court of chancery to entertain suits for partition of land has long been established, and has often been exercised, both in England and in this country, where the legal title is undisputed. When the defendant denies the title of the complainant, and his right to joint possession, it is the usual course and practice of a court of chancery to retain the bill, stay proceedings, and allow the complainant a reasonable time for trying his title and re-establishing the unity of possession with his alleged co-tenant by an action of ejectment. Questions pertaining to a legal title and the nature of possession are matters of law, and should be decided by a judge and jury in a legal tribunal. This was the method of practice and procedure that prevailed in the courts of equity in this state before the abolition of such courts by our new Constitution, and the adoption of a Code system, which required all legal and equitable remedy and relief to be sought by civil action or special proceedings. Garrett v. White, 38 N. C. 131; Ramsay v. Bell, 38 N. C. 209, 42 Am. Dec. 163; McBryde v. Patterson, 73 N. C. 478. These state statutes cannot limit or regulate the jurisdiction of a federal court sitting in this state, enforcing and administering the rights of nonresident litigants, although such rights, subsist, or have been acquired, under the laws of the state. There is no doubt as to the jurisdiction of this court in the case before me.

"The plaintiffs have not set forth their own and title of the defendant with that particularity and detail that would entitle them to a decree of partition of the property in controversy. This defect could be cured by an amendment, which I would readily allow on account of the peculiar features of this case. In allowing the plaintiff time and opportunity for bringing an action on the law side of the court, to establish their legal title and unity of possession, no injustice or hardship will result to the defendant company or its legal title. Its sole seisin and long adverse possession, and the alleged matter of equitable estoppel, can be employed in defense in such action at law. Kirk v. Hamilton, 102 U. S. 68–79, 26 L. Ed. 79. If the plaintiffs should succeed in their action at law in establishing their legal title as tenants in common with the defendants, some difficulty may arise as to how partition is to be effected, as mineral interests in lands are necessarily of unknown value, and not capable of parti-

tion without a sale; and a sale may result in depriving the owner of the soil of its possession in the minerals, or forcing it to pay an exorbitant price for such property. I will not anticipate other difficulties that may be encountered until they arise on hearing this case upon further directions.

"Let an order be drawn staying proceedings in this case, and granting the plaintiffs one year to bring and prosecute their action at law, and allowing the depositions taken in this case to be read in evidence on the trial of such action. No formal order is necessary requiring the defendant to admit an ouster on the trial, for the claim of the defendant of sole title and exclusive adverse possession amounts to an ouster for the purpose of an action at law, which will be tried on the law side of this court."

This case was then heard on writ of error by the Circuit Court of Appeals for the Fourth Circuit (72 Fed. 96–98, 18 C. C. A. 444, 446), and Judge Simonton, who wrote the opinion of the court, referred to the order made by Judge Dick, in the court below, and among other things said:

"This course pursued by the learned judge who heard this case is in strict accord with the law and practice of courts of chancery. 'When, on a bill for partition, where partition is a subject of equity jurisdiction, the legal title is disputed and doubtful, the course is to send the plaintiff to a court of law to have his title first established.' Coxe v. Smith, 4 Johns. Ch. (N. Y.) 271; Phelps v. Green, 3 Johns. Ch. (N. Y.) 302. Equity has no jurisdiction to try the title to lands. Manners v. Manners, 2 N. J. Eq. 384, 35 Am. Dec. 512; Obert v. Obert, 10 N. J. Eq. 98. An action at law was ordered, and not an issue out of chancery. This is in accord with the practice of North Carolina. 'An issue is sent from a court of equity to be tried before a court of law to aid the court of equity in the ascertainment of facts. An action is ordered to be tried in a court of law when the equity is based on a strictly legal right.' Fisher v. Carroll, 46 N. C. 27."

The case of McBryde et al. v. Patterson, 73 N. C. 480, was a special proceeding originally commenced in the probate court and carried on appeal to the superior court, where the defendant moved to dismiss the proceeding. The court overruled the motion, and thereupon the case was carried to the Supreme Court on appeal. Chief Justice Pearson, in discussing the mode of procedure under the equity practice before the adoption of the Constitution of 1868, said:

"Under the 'old mode of procedure' in a petition for partition, if the defendant pleaded 'sole seizure,' the proceeding was stayed by the court. The plaintiff directed to bring an action of ejectment to try the title, and the defendant required to confess an 'actual ouster' for the purpose of enabling the plaintiff to bring the action, as a tenant in common could not maintain ejectment against his co-tenant unless there had been an actual 'ouster.' * * * The plea of 'sole seizure' is put on the construction of the rules of descent. Bat. Rev. c. 36, rule 2, making the point of law, is the bastard sister of a bastard brother, entitled to land purchased by him, to the exclusion of brothers and sisters born in lawful wedlock? That is a question of law which his honor ought to have decided, and one which the judge of probate had no right to decide, as it involved a question of title to real estate, which, under the old mode of procedure, could only have been disposed of in an action of ejectment, and in regard to which C. C. P., the judge of probate, had no jurisdiction. It was likewise, supposing the plaintiffs had an interest, the duty of his honor to have disposed of the question of fraud in the procurement of the execution of the deed of Carolina Gordon, by having an issue of fact tried by a jury. After this the superior court would have been in a position to issue a writ of procedendo to the judge of the court of probate, if the result of the subsequent proceedings made it necessary to order partition to be made."

Also, in the cases of Bearden v. Benner (C. C.) 120 Fed. 690, Fuller et al. v. Montague et al., 59 Fed. 212, 8 C. C. A. 100, and Clark v. Roller, 199 U. S. 541, 26 Sup. Ct. 141, 50 L. Ed. 300, the view entertained by the Circuit Court of Appeals for this circuit is fully sustained.

In the case of Klever v. Seawell, 65 Fed. 393, 12 C. C. A. 661, the Circuit Court of Appeals for the Sixth Circuit had this question before it. Judge Taft, in that case, after referring to the fact that in cases of this character the parties are not entitled to a jury in a proceeding for partition under the statutes of Ohio, said:

"The seventh amendment of the Constitution of the United States provides that: 'In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' Before the adoption of the Constitution, suits for partition could be brought either at the common law or in equity. In the common-law action for partition, the general issue was raised by the plea 'non tenent insimul.' It was triable before a jury (Chit. Pl. [6th London Ed.; 11th Am. Ed.] 1394, note); and such is the procedure under many of the state statutes for partition (Clapp v. Bromagham, 9 Cow. [N. Y.] 530; Hewlett v. Wood, 62 N. Y. 75; Covington v. Covington, 73 N. C. 168; Harding v. Devitt, 10 Phila. [Pa.] 95; Ham v. Ham, 39 Me. 216). When suits for partition under such statutes are brought in the United States courts, either by original action or by removal, there is no difficulty in assigning them to the law side of the court."

Also, in the case of Sanders v. Devereux, 60 Fed. 311–313, 8 C. C. A. 629, 632, the Circuit Court of Appeals for the Eighth Circuit, in disposing of this question, said:

"The question then arises, which we stated at the outset, whether the United States Circuit Court for the District of Kansas had any jurisdiction to enter a decree of partition which was prayed for in the bill. It is not denied, as we understand—and the authorities to this effect are numerous and uniform—that at common law a bill for partition would only lie in favor of one who had the seisin and immediate right of entry. At common law, if a party entitled to bring a suit for partition became disseised, he could not maintain the action until he had established his right of possession by an action in ejectment, or other equivalent proceeding at law. In other words, a suit in partition could not be maintained on a mere right of possession, if the property was in fact held adversely, and it was not recognized as a proper action by which to recover the possession of real property where the plaintiff had been disseised. These principles are fundamental. Co. Litt. 167a; 16 Vin. Abr. 225; Adams v. Iron Co., 24 Conn. 230; Clapp v. Bromagham, 9 Cow. (N. Y.) 530, 560, 561; Lambert v. Blumenthal, 26 Mo. 471; Burhans v. Burhans, 2 Barb. Ch. (N. Y.) 398, 408; Shaw v. Gregoire, 41 Mo. 407; 1 Washb. Real Prop. p. 715. It is claimed, however, by the appellant—and that is the point on which the question of equitable jurisdiction finally turns—that under the practice which prevails in Kansas a bill for partition may be maintained by a tenant in common, though he is out of possession, and has been disseised by his co-tenant. Hence it is argued that under like circumstances a bill for partition may be entertained by the federal Circuit Court for the district of Kansas.

"We shall not dispute the first proposition, touching the practice which now prevails in Kansas. In an early case decided in that state (Squires v. Clark, 17 Kan. 84), Mr. Justice Brewer, then a member of the Supreme Court of Kansas, intimated a doubt whether a tenant in common, who had been disseised, could maintain a suit for partition until he had established his right of possession by a suit at law. He further called attention to a fact, which is still noteworthy, that the statutes of Kansas do not undertake to determine or to define the circumstances under which a suit for partition may be maintained. Unlike the laws of many other states, the statutes of Kansas simply reg-

ulate the mode of procedure in suits for partition. It may be conceded, however, that since the decision in Squires v. Clark, supra, the practice has been established, apparently without debate or controversy, of entertaining suits for partition at the instance of a suitor who has been disseised. Scantlin v. Allison, 32 Kan. 376, 4 Pac. 618; Ott v. Sprague, 27 Kan. 620. It by no means follows, however, because a practice of that nature prevails in the state courts, that a bill for partition can also be entertained by the federal courts sitting in that state, when it appears that the complainant has been disseised, and that his right of possession is disputed, and that the property sought to be partitioned is actually occupied by an adverse claimant. The federal courts cannot properly entertain a bill in chancery to partition lands unless a state of facts exists which would warrant such an action according to the general rules of equity jurisprudence and practice. In the courts of the United States, a bill for partition certainly cannot be used as a mere substitute for an action in ejectment, or interchangeably with a suit at law of that nature, to establish a plaintiff's right of possession. A practice of that kind, if tolerated, would be in clear violation of section 723, Rev. St. U. S. (U. S. Comp. St. 1901, p. 583), which provides that 'suits in equity shall not be sustained in either of the courts of the United States, where a plain, adequate and complete remedy may be had at law.' Hipp v. Babin, 19 How. 271, 277, 15 L. Ed. 633. Moreover, if a suitor was allowed to file a bill for partition to establish his title and right of possession after a disseisin, the adverse claimant and occupant would, in effect, be deprived of his right to a trial by jury, on a strictly legal issue, contrary to the seventh amendment to the Constitution of the United States, as was pointed out by Mr. Justice Field in Whitehead v. Shattuck, 138 U. S. 146, 151, 11 Sup. Ct. 276, 34 L. Ed. 873.

"This question has been frequently discussed, and, so far as we are aware, it has always been held that, where a bill shows on its face that the purpose of the plaintiff is to recover possession that is occupied by an adverse claimant, the bill must be dismissed, unless it is further shown by the complainant that the aid of a court of equity is necessary to remove obstacles which stand in the way of a successful resort to an action of ejectment, or unless it appears that the plaintiff's title has been established at law, and that equitable aid is necessary to prevent a multiplicity of suits, or that equitable aid is necessary for some other good and sufficient reason stated in the bill. In the case of United States v. Wilson, 118 U. S. 86, 6 Sup. Ct. 991, 30 L. Ed. 110, the government, having a title to certain lands acquired under the internal revenue laws, filed a complaint against certain persons, who were in possession of the premises, to remove a cloud upon its title, consisting of an alleged fraudulent deed. It was held by the court (citing numerous cases in support of the proposition) that as, under the averments of the bill, the United States had a legal title, which was paramount to the alleged fraudulent deed, and as the defendants were in possession, the case was not one of equitable cognizance, and that the bill should have been dismissed on that ground. In Whitehead v. Shattuck, supra, it was held that a person out of possession, but claiming to have the legal title to certain lands, could not maintain in the federal courts a bill to quiet title, against defendants who were in possession, although a statute of the state permitted an equitable proceeding to be brought in the state courts to establish the title and to recover the possession. The court said, in substance, that a statute of a state could not be allowed to override the federal statute, heretofore quoted, which declares that the courts of the United States shall not assume equitable jurisdiction where there is a plain, adequate, and complete remedy at law; and, in an opinion recently delivered by this court, Judge Caldwell remarked, in a case where for special reasons, disclosed by the opinion, the equitable jurisdiction was upheld, that, 'if the defendant was in possession of the property, the plaintiff had an adequate remedy at law, and could not resort to equity, although the state statute conferred equitable jurisdiction on the state courts in such a case.' Bigelow v. Chatterton, 51 Fed. 614, 2 C. C. A. 402, 404."

It is insisted by the defendants that the motion made by the plaintiffs ought not to be granted at this time, inasmuch as the plaintiffs have filed a replication and joined issue, and a considerable amount of evi-

dence has been taken, and that the plaintiffs, by their conduct, have treated this case as being cognizable in a court of equity.

In Street's Federal Equity Practice, § 1549, in discussing this subject, it is said:

"In the English chancery it was the practice to direct an action at law only by a decree made at the hearing after the proofs had been taken. There seems to be no fundamental reason why this should be insisted on in all cases; and it would seem to be proper to make the order either at the hearing on the proofs, or at a hearing on a demurrer, according as the question may be first presented at the one juncture of the suit or the other."

In Brown v. Cranberry Iron & Coal Co., supra, Judge Dick, in referring to the condition of the suit, at the time the order was made directing the plaintiffs to institute a suit at law to determine their title to the property in question, said:

"The plaintiffs assert a legal title to such minerals as tenants in common with the defendant company. In its answer the defendant company denies the title of the plaintiffs, and avers that for many years it has had sole ownership and seisment of the soil and of the minerals of the lands mentioned in the bill of complaint; and further insists that, if the plaintiffs ever had any legal or equitable interest as claimed, they lost their right to institute this suit by lapse of time, and they are also bound by the matter of equitable estoppel set up in the answer. Replication was filed, and proofs have been taken by the parties on both sides. On the rule day of November, 1889, a motion was duly entered on the order book in the clerk's office by the counsel of the defendants to set down this case for hearing upon the pleadings and the proofs."

Thus it will be seen that in that case proofs had been taken by parties on both sides, and a motion had been entered on the order book by counsel for defendants to set the case down for hearing upon the pleadings and proofs. As I have already stated, the Circuit Court of Appeals for this circuit gave their unqualified approval of the action of Judge Dick in making the order he did at that time, notwithstanding the fact that proofs had been taken by parties on both sides and the case had been matured for final hearing. The ruling of the Circuit Court of Appeals in this respect is conclusive in so far as this court is concerned upon the point thus sought to be raised by the defendants.

The fact that the defendants, in their petition for removal, deny that the plaintiffs have title to any portion of the lands referred to in the petition for partition, and also in their answer reiterate the same and plead sole seisin, might well raise the question as to whether, in the first instance, owing to the pleading, the record when removed to this court did not constitute a case cognizable at law, and as to whether the same should not have been docketed on the law side of the ( k-'et; but, inasmuch as the plaintiffs seek to have partition of the premises, I deem it advisable to treat the partition proceeding as properly cognizable in equity, feeling, as I do, that by so doing the ends of justice may be best subserved.

Let an order be drawn staying proceedings in this case, and granting the plaintiffs one year to bring their action at law, and allowing the depositions taken in this case to be read in evidence in the trial of such action.

I have not determined the questions involved in the plaintiffs' motion to dismiss the cross-bill and amendment thereto, and will therefore withhold my decision on that point for the present.