## SCOTT v. FIRST NAT. BANK OF MORRIS.

(Circuit Court of Appeals, Eighth Circuit.   December 23, 1922.)

No. 5765.

1. **Quieting title ⬧⟹12(1)—Suit cannot be maintained in federal court against defendant in possession.**

A suit to quiet the title or right of possession to real estate cannot be maintained in a federal court by a complainant out of possession against a defendant in possession, whatever may be the practice in the state courts.

2. **Courts ⬧⟹352—Transfer of cause to law side of court.**

To authorize a District Court to transfer a cause from the equity to the law side, under equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), the allegations of plaintiff's pleading, necessary to state his cause of action, must show that the action is one of which that court has jurisdiction.

3. **Courts ⬧⟹299—Complaint held not to show a federal question.**

The fact that the title of a plaintiff in ejectment is alleged to have been derived directly or indirectly under a law of Congress does not show that a federal question is involved, which will support the jurisdiction of a federal court.

4. **Equity ⬧⟹365—Dismissal for want of jurisdiction should. be without prejudice.**

A decree of a federal court dismissing a suit for want of jurisdiction of that court should state such fact, and that the dismissal is without prejudice.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Suit in equity by James Scott against the First National Bank of Morris.   Decree of dismissal, and complainant appeals.   Reversed and remanded, for modification of decree.

R. C. Allen, of Okmulgee, Okl. (Lewis C. Lawson, of Holdenville, Okl., and Allen & Rose, of Okmulgee, Okl., on the brief), for appellant.

William M. Matthews, of Kansas City, Mo. (Charles A. Dickson, of Okmulgee, Okl., on the brief), for appellee.

Before SANBORN and LEWIS, Circuit Judges, and VAN VALKENBURGH, District Judge.

SANBORN, Circuit Judge.   This is an appeal from an order whereby, upon the complaint, the court below, on the motion of the defendant, the First National Bank of Morris, dismissed the suit of the plaintiff, James Scott, on the grounds that this suit could not be maintained as a suit in equity because the defendant was in possession and the plaintiff was out of possession, and that it could not be maintained as an action at law because there was no diversity of citizenship between the parties to it and no statement of any federal question was necessary in setting forth the plaintiff's cause of action.

The complaint states separately a first and second cause of action. For his first cause of action the plaintiff avers that he and the defendant are citizens, residents, and have their domiciles and places of abode

⬧⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and business in the state of Oklahoma; that he is the owner of the north 25 feet of lots 7, 8, 9, 10, 11, and 12, in block 26, which is a part of the north half of the northeast quarter of section 13 north, of range 14 east of the Indian base meridian, in Okmulgee county, Okl.; that the United States conveyed this 80 acres by its patent of May 6, 1903, to Phillip Scott; that in 1905 Phillip Scott died intestate, the owner of this land, and the plaintiff was and is his sole heir at law; that on October 31, 1903, Scott made a power of attorney to S. J. Checote to sell and to lease this 80 acres; that under this power of attorney Checote, as attorney in fact of Phillip Scott, on May 26, 1904, conveyed the 80 acres to T. F. Randall; that the interest in that part of this 80 acres here in controversy thus conveyed to Randall, if any, was by mesne conveyances, which are specifically set forth, vested in the bank on June 16, 1909; that the bank took possession of the land that is the subject of this suit about January, 1909, and has since retained such possession; that Phillip Scott was a full-blood Creek Indian, and the land in controversy was a part of his allotment as such; that, when his power of attorney to Checote was made, he was, by the acts of Congress cited in the complaint, prohibited from selling or conveying this land, so that the power of attorney, the deed under it to Randall, and all the conveyances under that power of attorney and deed were void; that the power of attorney and the deeds under it have been recorded; that the defendant has no claim or title, except under this power of attorney; and that the bank is now, and ever since January, 1909, has been, wrongfully in possession of this land, and has received the rents and profits thereof, which have been worth $1,200 per annum.

For his second cause of action the plaintiff avers that he is the owner of this land in controversy and entitled to the immediate possession thereof, and to the rents and profits thereof, since January, 1909, which were worth $1,200 per annum; that Phillip Scott was a full-blood Creek Indian, as is the plaintiff; that Phillip Scott died intestate, the owner of this land, and the plaintiff is his sole heir; and that the title to the land is derived from the allotment and patent thereof to Phillip Scott as such Creek Indian.

The prayer of the complaint is that the court appoint a receiver of the property; that it render a decree that the plaintiff is the owner of the land in controversy; that the defendant has no right, title, or interest therein or in the possession thereof; that the power of attorney to Checote, the deed to Randall, and the other deeds in the defendant's claimed chain of title are null and void; and that judgment be entered in favor of the plaintiff and against the defendant for the rents and profits of the land at the rate of $1,200 per annum from January 6, 1909.

[1] The statement of the material averments of the complaint which has been made discloses the fact that it sets forth a cause of action to quiet the title to a piece of land by a plaintiff out of possession against a defendant in possession, to remove the cloud of the power of attorney and the conveyances in the claimed chain of title of the defendant by a decree that they are void, and to recover of the defendant the rents and profits during its possession. A suit of this nature may be

maintained in the state of Oklahoma under the express provisions of its statutes. Revised Laws Okl. 1910–11, 'c. 10.

But, where the defendant is in possession and the plaintiff is out of possession, the latter can test the title and right to the possession and to the profits or damages by an action at law, the defendant, under the Seventh Amendment to the Constitution of the United States, which provides that "in suits at common law, where the value of the controversy shall exceed $20, the right of trial by jury shall be preserved," and under section 1244, Comp. Stat. 1918, section 267, Judicial Code, Rev. Stat. § 723, which provides that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law," is entitled to a trial of its claimed title and right to the possession by a jury in an action at law. As this right to the trial of its title and right of possession rests upon the Constitution and statutes of the United States, the legislation of the state of Oklahoma cannot deprive the defendant of its right in the federal courts, and the rule and practice that a plaintiff out of possession cannot maintain in the federal courts a suit in equity against a defendant in possession of real estate to quiet the title or right of possession thereto has become established and settled beyond controversy. Whitehead v. Shattuck, 138 U. S. 146, 151, 155, 156, 11 Sup. Ct. 276, 34 L. Ed. 873; Lawson v. United States Mining Co., 207 U. S. 1, 9, 28 Sup. Ct. 15, 52 L. Ed. 65; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167; Boston & Mont. Cons. Copper & Silver Mining Co. v. Montana Ore Purchasing Co., 188 U. S. 632, 641, 642, 23 Sup. Ct. 434, 47 L. Ed. 626; Sanders v. Devereux, 60 Fed. 311, 314, 315, 8 C. C. A. 629; Gilbert v. Hopkins (C. C.) 171 Fed. 704, 710.

[2] But equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) provides that, if at any time it appears that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential, and it is contended that, if this action could not be maintained in equity, it should have been at law. There was, however, no diversity of citizenship of the parties to it, and the only possible ground on which the jurisdiction of the federal court over the case as an action at law could be sustained was that the allegations in the complaint necessary to state the cause of action disclosed the fact that the action was one which really and substantially involved a dispute or controversy as to a right which depended upon the construction or effect of the constitution or some law or treaty of the United States. Section 991 (1), U. S. Comp. Stat. 1918; Judicial Code, § 24. The plaintiff's action at law was an action in ejectment for the possession and profits of the land withheld from him by the bank. The averments requisite to state that cause of action were that he was the owner of the land, that the United States conveyed it to Phillip Scott by its patent of May 6, 1903, that Phillip Scott died in 1905 intestate the owner of the land, that the plaintiff was his sole heir, that the defendant wrongfully took possession of the land in 1909 and has since detained it, and wrongfully has taken the rents and profits

of it during that time, which were worth $1,200 per annum. Rev. Laws Okl. 1910, § 4928; Joy v. City of St. Louis, 201 U. S. 332, 340, 26 Sup. Ct. 478, 50 L. Ed. 776; Taylor v. Anderson, 234 U. S. 74, 34 Sup. Ct. 724, 58 L. Ed. 1218.

[3] The fact that the title of the land is derived from a patent of the United States, or under an act or many acts of Congress, does not show that a federal question is involved in the case, either in the protection of that title or the enforcement of rights under it. Blackburn v. Portland Gold Mining Co., 175 U. S. 571, 20 Sup. Ct. 222, 44 L. Ed. 276; Joy v. St. Louis, 201 U. S. 332, 341, 26 Sup. Ct. 478, 50 L. Ed. 776. It is indispensable to the jurisdiction of a federal court on the ground that the action involves a federal question under section 991 (1) U. S. Comp. Stat. 1918 (Judicial Code, § 24), that the allegations of the complaint of the plaintiff necessary to state his cause of action clearly disclose that fact. And the rule has long been established that the question whether or not a case is one arising under the constitution or a law or treaty of the United States within the jurisdictional meaning of these words in the act of Congress "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Taylor v. Anderson, 234 U. S. 74, 75, 34 Sup. Ct. 724 (58 L. Ed. 1218), and cases there cited.

Tested by this rule, all that the plaintiff has alleged in his complaint concerning the power of attorney to Checote and the deeds thereunder, the invalidity thereof, and the reasons why they are invalid, must be disregarded in determining the jurisdiction of the court below, because none of those averments was necessary to the statement of the plaintiff's cause of action at law. When those allegations are laid aside, nothing remains in the complaint to show that this case "arises under the Constitution or laws of the United States or treaties made, or which shall be made under their authority," and the complaint was insufficient to invoke the jurisdiction of the court below over either the cause of action at law or the cause of action in equity pleaded therein.

[4] But the order or decree of dismissal is general. Such an order or decree, without more, renders all the questions presented by the motion res adjudicata. Indian Land & Trust Co. v. Shoenfelt et al., 135 Fed. 484, 487, 68 C. C. A. 196. For this reason alone, the order or decree of dismissal is reversed, and the case is remanded to the court below, with directions to enter an order or decree which shall expressly adjudge that the court below is without jurisdiction to try and determine it, and that the dismissal is made without prejudice to other actions for the causes stated in the complaint.