### TANNILLE et al. v. COPELAND et al.

(District Court, N. D. Texas, at Wichita Falls. May 2, 1923.)

No. 110.

1. **Quieting title ⊚⇒12(1)—May be maintained by one out of possession under laws of Texas.**

  A suit to quiet title by one out of possession against a defendant who is in possession may be maintained in Texas under express provisions of the statutes.

2. **Jury ⊚⇒11(3)—Party in possession cannot be deprived of right to jury trial in federal court by state legislation.**

  The right of one in possession of land, under Const. Amend. 7, and Judicial Code, § 267 (Comp. St. § 1244), to a jury trial on the issue of title and right to possession, when sued in a federal court, cannot be taken away by state legislation.

3. **Quieting title ⊚⇒27—Suit cannot be maintained in federal court by one not in possession.**

  A plaintiff out of possession cannot maintain in the federal courts a suit in equity against a defendant in possession of real estate to quiet title or right of possession.

4. **Jury ⊚⇒12(1)—Action tried to jury in state court cannot be re-examined or retried without jury in federal court.**

  Under the Constitution, no action at law tried to a jury in any state court can thereafter be re-examined or retried in a federal court without a jury.

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

**5. Courts ⬌509—State court judgment cannot be set aside in federal court on mere suggestion of fraud.**

Where party to suit in state court to recover land was cast in judgment after a jury trial, she cannot have such judgment set aside by federal court on a mere suggestion of fraud, though the time for relief in the state court has expired.

In Equity. Suit by Sarah B. Tannille and others against Wils Copeland and others. Bill dismissed.

Bonner & Bonner, of Wichita Falls, Tex., and Miller & Miller, of Forth Worth, Tex., for plaintiffs.

Kay, Aiken & Kenley, of Wichita Falls, Tex., for defendants.

ATWELL, District Judge. In March, 1918, in the state district court of Young county, Tex., a judgment was rendered, upon the verdict of a jury, in the case of the First National Bank of Albuquerque, N. M., et al. v. Wils Copeland et al., for the recovery of the title and possession of certain lands. Mrs. Sarah B. Tannille, one of the complainants in this court was a party to that suit and was cast in the verdict and judgment. Under the laws of the state of Texas, had she felt herself aggrieved, she could have filed a motion for a new trial and to set aside the judgment, and in the event such motions were overruled she could have appealed to the Court of Civil Appeals of the state of Texas, and thereafter had judgment been against her she could have applied to the Supreme Court of Texas for a writ of error. If she did not see fit to do any of these things, she could have filed a bill of review in the same court in which the judgment was rendered against her, and have made a direct attack upon the judgment at any time within two years after its rendition. The record shows that she did none of these things. She now brings this complaint seeking to set aside the judgment referred to on the ground that it was fraudulently secured.

The defendants move to dismiss on the ground that this suit is a suit for the title and possession of land, indirectly, as it is brought to aid a suit which is pending on the law docket of this court for the recovery of the identical land for which a judgment was rendered against the plaintiff in the state court, and that under the Seventh Amendment of the Constitution of the United States the defendants are entitled to a trial by jury on the law docket of this court, and that this court is without jurisdiction in equity to hear and determine the bill; and, second, that the plaintiffs are not in possession of the land in controversy and that the only suit that they could bring would be ejectment at common law, or trespass to try title, as it is termed by the Texas statute, and that the only purpose of the plaintiffs' bill is to attack the judgment of the state court.

Taking up these questions in the order suggested: While there are other parties than Mrs. Tannille, it is patent that she is the only one who is really interested directly in the result to be had upon this complaint. The defendants are in possession of the land sued for. The

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiffs aver that they are the owners of the land in controversy and entitled to possession thereof.

[1] 1. It is manifest that the cause of action is to quiet the title to a piece of land by the plaintiffs, who are out of possession against a defendant who is in possession. A suit of this nature may be maintained in the state of Texas under the express provisions of its statutes.

[2, 3] But, where a defendant is in possession and a plaintiff is out of possession, the latter can test the title and right to the possession, and to the profits or damages by an action at law, and the defendant, under the Seventh Amendment to the Constitution of the United States, which provides that:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved,"

and, under section 267 of the Judicial Code (R. S. U. S. § 723 [Comp. St. § 1244]), which provides that:

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law,"

is entitled to a trial of his claimed title and right to the possession by a jury in an action at law. As this right to the trial of his title and right of possession rests upon the Constitution and statutes of the United States, the Legislature of the state of Texas cannot deprive a defendant of his right in the federal courts, and the rule and practice that a plaintiff out of possession cannot maintain in the federal courts a suit in equity against a defendant in possession of real estate to quiet the title or right of possession thereto has become established and settled beyond controversy. Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873; Lawson v. U. S. Mining Co., 207 U. S. 1, 28 Sup. Ct. 15, 52 L. Ed. 65; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167; Boston & Mont. Cons. Copper & Silver Mining Co. v. Montana Ore Producing Co., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 626; Sanders v. Devereux, 60 Fed. 311, 8 C. C. A. 629; Gilbert v. Hopkins (C. C.) 171 Fed. 704.

The above paragraph and authorities are taken almost verbatim from Scott v. First National Bank (C. C. A.) 285 Fed. 832. The Scott case was a case based on the trespass to try title statute of Oklahoma, which is almost identical with the Texas statute.

In Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565, 28 L. Ed. 1116, it was determined that a court of equity is without jurisdiction to enjoin one in possession of land, chiefly valuable for its timber, from cutting and removing same at the instance of one claiming the land, unless such claimant has first brought an action at law to recover the possession of the land, in which case a suit in equity may be brought, as ancillary thereto, to enjoin the cutting and removing of the timber pending the action at law. See Taylor v. Asher (D. C.) 286 Fed. 723. Equity Rule No. 22 (198 Fed. xxiv, 115 C. C. A. xxiv), which provides that if, at any time, it appears that a suit commenced in equity should have been brought as an action on the law side of the docket it shall

be transferred to that side, and be there proceeded with, with only such alteration in the pleading as shall be essential, is not interesting here, because an action really pends on the law docket for the land in controversy.

[4, 5] 2. The Constitution provides, in short, that no action at law tried to a jury in any state court shall thereafter be re-examined or retried in a federal court without a jury. Equally substantial is the basis of that comity which exists between the courts of the two jurisdictions and which denies the right of the trial courts of one of the jurisdictions to attack collaterally, or set aside upon collateral attack, the judgments of the courts of the other jurisdiction. See Exchange Nat. Bank of Shreveport, La., v. Joseph Reid Gas Engine Co. (C. C. A.) 287 Fed. 871 for contrary line.

Having chosen her battle ground, and that choice having been the state court of Young county, and having failed to exhaust her remedies in that jurisdiction, the plaintiff cannot now enter this court and attempt to annul and set aside the judgment which was rendered against her in a forum which she herself chose. The mere suggestion of fraud would be insufficient upon which to predicate such a plea. In Randall v. Howard, 2 Black. 585, 17 L. Ed. 269, the Supreme Court of the United States, in speaking to a case of much similarity, said:

"Has this court jurisdiction? A conflict of jurisdiction is always to be avoided. Mr. Justice Grier, in Peck v. Janness, 7 How. 624, says: 'That it is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding on every other court These rules have their foundation not merely in comity, but on necessity. For if one may enjoin, the other may retort by injunction; and thus the parties be without remedy, being liable to a process for contempt in one if they dare to proceed in the other.' The bill in this case brings in review various matters passed on in the progress of a suit by [2 Black.] the Cecil county circuit court, a court of general jurisdiction, having complete control of the parties and of the subject-matter of controversy. It seeks to annul a sale of lands made by virtue of a decree of the Cecil court, sitting as a court of equity in a cause pending between these same parties, to effect the distribution of the proceeds of the sale, and to enjoin the defendants from making any disposition of the lands purchased by him; to disturb his possession; to invalidate his title, and to have the mortgage property resold. This is a direct and positive interference with the rightful authority of the state court."

See, also, Pacific Railway Case, 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 503.

The case of Nougue v. Clapp, 101 U. S. 551, 25 L. Ed. 1026, opinion by Mr. Justice Miller, was a case from a Louisiana state court, that court having rendered a judgment and directed a sale, and the complainant had asked for an enjoining of the state court. The court pointed out that the law of Louisiana provided appropriate remedies for one aggrieved by judgment under sale.

"There is no allegation that the plaintiffs sought any of these remedies. We think that for this court, after all this has been done, to undertake to decree that what that court did is void, to sit in review on its judgment and reverse its decree and set aside its sale, in a case where its jurisdiction is undoubted.

is unwarranted by the relations which subsist between the two courts. It would be an invasion of the powers belonging to that court, and such a doctrine would, upon the simple allegation of fraud practiced in the court, enable a party to retry in a Federal court any case-decided against him in a state court."

See, also, Graham v. Boston Railway, 118 U. S. 161, 6 Sup. Ct. 1009, 30 L. Ed. 196.

The fact that some of the decisions which support the doctrine now being presented point to the fact that the state forum is still open, and that in, the case at bar time may preclude the complainant here from again entering there, would not, in my judgment, alter either the reason for the rule nor furnish any ground for its exception. The plaintiff selected her forum, and there met with disaster. She might have brought that suit originally in this court, but she did not see fit to do so.

The other complainants in this bill have doubtless joined because equity requires all parties to be in the record; but the record discloses that they have no equity, nor do they demand any relief in the bill, nor were they concerned with the state court judgment, and any right they have is a suit purely and entirely at law, and the only object of this bill is to set aside the judgment of the state court, and therefore the granting or denial of the relief will not affect their rights either one way or the other.

An order will be drawn dismissing the bill without prejudice to the suit at law.