### SMITH et al. v. MINOR et al.

### No. 7777.

Circuit Court of Appeals, Fifth Circuit.

May 21, 1936.

W. J. Durham, of Sherman, Tex., for appellants.

Hamp P. Abney, of Sherman, Tex., and Chas. L. Wolfe, of Henderson, Tex., for appellees.

Before FOSTER, and HUTCHESON, Circuit Judges, and STRUM, District Judge.

FOSTER, Circuit Judge.

The pleadings in this case are very lengthy, but the material issues may be somewhat briefly stated. Mention of formal parties will be omitted. The suit was begun by the filing of a bill in equity by Mose Smith, a son of Henderson Smith, usually called Hence Smith, against H. W. Smith, Proncell Woods, W. J. Durham, Mrs. H. C. Minor, the widow of H. C. Minor, Virgil E. Minor, and Blanche Minor Florence, his children, and Irene Phillips, to recover an undivided interest in a tract of land in the William Killen survey in Rusk county, Tex., containing 146.78 acres, more particularly described in the bill. Mose Smith claimed by inheritance from his father, and prayed for judgment establishing his title and for a partition of the land. H. W. Smith answered, admitting Mose Smith had an interest in the land, and filed a cross-bill for affirmative

relief. He claimed title to the balance by inheritance as the son of Henderson Smith and by purchase from other heirs and Durham and Woods. Brownrigg Martin and Roy Lee Martin were permitted to intervene. They claimed title by inheritance as grandchildren of Henderson Smith and also alleged adverse possession and pleaded various statutes of limitations. The defendant H. W. Smith and the interveners must be aligned as plaintiffs.

Defendants Mrs. H. C. Minor, Mrs. Blanche Minor Florence, and Virgil E. Minor filed a joint answer and a cross-bill seeking affirmative relief. They claimed title through H. C. Minor, as his widow and heirs. They also pleaded res adjudicata by reason of a judgment entered in the district court of Rusk county, Tex., in a suit entitled Henderson Smith et al. v. H. C. Minor et al.

Durham and Woods answered, disclaiming any interest in the property. The bill alleged that Irene Phillips was claiming under an oil lease. So far as the record discloses, she made no appearance in the suit.

The District Court found as facts, substantially, that Mrs. H. C. Minor, Mrs. Blanche Minor Florence, and Virgil E. Minor are the sole and only heirs of H. C. Minor, deceased; that H. C. Minor purchased the 146.78 acres of land in 1883; that neither he nor his heirs have conveyed the land; that there was in existence during the year 1901 a verbal executory contract for the purchase of the land, but that same was abandoned prior to the year 1915, and all parties recognized the contract as being terminated and of no further force and effect; that H. C. Minor and his heirs have paid the taxes on the land since 1883; that, while the executory contract of sale was in existence, they were paid out of money furnished by Henderson Smith; that Mrs. H. C. Minor, Virgil E. Minor, and Mrs. Blanche Minor Florence obtained a judgment in the district court of Rusk county on August 3, 1931, for the title and possession of the land against all parties to this suit, except Mose Smith, and that such judgment has become final by virtue of affirmance in the Court of Civil Appeals of the Sixth Judicial District of Texas [50 S.W.(2d) 405], and writ of error was dismissed for want of jurisdiction by the Supreme Court of Texas; that H. C. Minor and his heirs have exercised domination and control

over the land, claiming the same as their own adversely to all parties, and have cultivated, used, and enjoyed it by and through tenants each and every year since 1883; that Henderson Smith, and Rufus Martin, who occupied the land, recognized the ownership of it to be in H. C. Minor and his heirs and paid rents to the Minors for the use of it; and that Henderson Smith had recognized the title of the land as being in the heirs of H. C. Minor both verbally and in writing.

Judgment was entered decreeing title and possession in the property to be vested in Mrs. H. C. Minor, Virgil E. Minor, Blanche Minor Florence, and rejecting the claims of Mose Smith, plaintiff, and the other defendants and cross-complainants and interveners.

The case presents largely a question of fact and, since practically every finding of fact made by the District Court is challenged by appellants, we have carefully examined the evidence brought up in the record.

██ In response to the plea of res adjudicata, H. W. Smith contended that he was not a resident of Texas, and therefore the court did not have jurisdiction over him; and that the attorneys pretending to represent him in a case were not authorized to do so. Since H. W. Smith appeared as plaintiff in the suit in the state court and the court had jurisdiction over the subject matter, his residence was immaterial. The state court permitted the dismissal of the main action as of nonsuit, without prejudice to the rights of defendants, plaintiffs in a cross-action, and the court then proceeded to judgment on the cross-action. Whether the attorneys appearing for him were authorized to represent him presented a question of fact. As the District Court saw and heard the witnesses, we are not disposed to question his decision in this respect. Furthermore, considering the other facts in the record, the plea of res adjudicata is comparatively unimportant.

██ The record supports the conclusion that an executory contract of sale for the land was entered into between H. C. Minor and Henderson Smith, though there may be some doubt as to when it was terminated. H. C. Minor died in 1915. Henderson Smith died in 1931, before this suit was instituted, so the testimony of the parties to the contract was not available. There was testimony from witnesses that they had seen a written deed, but there is no evidence at all as to its contents, and it was never put of record. If it was an executory contract of sale, it would be immaterial whether it was written or verbal. For Smith to pay the taxes would be consistent under an executory contract. The clear preponderance of the evidence supports the conclusion that before 1915 Henderson Smith occupied the relation of tenant to H. C. Minor. In support of this, in addition to other evidence, there is the undisputed testimony of J. D. Cone, who was a partner of H. C. Minor in a mercantile business in the vicinity, no doubt the usual country store. He testified that he and H. C. Minor went into business together in 1902 and dissolved the partnership in 1905. Apparently, the business was continued by H. C. Minor and his son having the same initials, and Henderson Smith traded with them. He further testified that he heard some conversations between Minor and Smith in regard to the land here in dispute; that, according to his recollection, Henderson Smith had agreed to pay Minor $100 a year as rent; that, after Henderson Smith had been on the land two of three years, his boys began to grow up and started drifting away; that he came to Minor at the store and said, in an interview at which Cone was present, that he could not pay $100 a year; that Minor said to him that that would be all right; that he could stay on there and just bring him a third and a fourth. It may be assumed this meant one-fourth of the cotton raised by Smith on the land and one-third of the other crops. It is shown without dispute that after that, from time to time, Smith would deliver cotton to the store and receive credit on his account for three-fourths of the cotton; the other one-fourth being credited to Minor. It may be presumed that Smith became a tenant of Minor before 1905. This would be entirely inconsistent with a presumption that an executory contract of sale was still in existence, especially as rent was paid on a crop-sharing basis. There is other undisputed evidence tending to show that Henderson Smith paid rent to H. C. Minor until his death and after that to his widow and heirs. We consider the finding of the District Court that Henderson Smith had nothing more than an executory contract of sale, which was abandoned prior to 1915, is fully supported by the evidence.

██ It is the universal rule that a tenant is estopped to question the title of his land-

lord. This rule extends to a person occupying land by virtue of an executory contract of sale as he is considered a quasi tenant. 35 C.J. 1227, "Landlord and Tenant," § 566.

It follows that appellants have failed to show that Henderson Smith ever had a deed translative of title to the property. His occupancy of the land was as a tenant of H. C. Minor, and inured to the benefit of his landlord and not himself. It did not amount to adverse possession sufficient to support a claim of ownership under any statute of limitations. His heirs are in no better position.

Other points raised by appellants are immaterial and unnecessary to discuss. We concur in the findings of facts and conclusions of law of the District Court.

The judgment is affirmed.