### BROCK et al. v. BARNSDALL OIL CO. et al.
### No. 103.

District Court, N. D. Texas, Corpus Christi Division.

March 29, 1938.

F. V. Phipps, of Corpus Christi, James R. Dougherty, of Beeville, Tex., R. E. Seagler, W. J. Howard, and Felix A. Raymer, all of Houston, B. D. Tarlton, of Corpus Christi, and L. J. Freeman, of Beeville, Tex., for the motion.

Grady Barrett, W. L. Matthews, and Brooks, Napier, Brown & Matthews, all of San Antonio, Tex., opposed.

ATWELL, District Judge.

Complainants allege that they are the heirs and devisees of James W. Zacharie, who died seized of a two-thirds undivided interest in certain lands in Nueces county, Tex.; that the defendants are taking oil and gas from said lands by virtue of leases from persons who claim under R. D. Blossman, who owns an undivided one-third interest in the same lands; that such exploitation began in July, 1936, and that they have taken oil and gas of the value of more than a million dollars and are continuing in such operations, and appropriating the same to their own use; that the complainants have demanded an accounting which has been refused; that the land is of little value except for the oil and gas that may be produced therefrom, and that if the same is permitted to be exhausted that there will be no adequate fund or property out of which the complainants can be compensated; that the respondents are operating under certain commitments between themselves and others, to which commitments the complainants are not parties and in which the complainants are not interested; that such instruments are a cloud upon the complainants' title and should be removed; and that the respondents should be perpetually enjoined from setting up or asserting any rights in said lands in so far as their two-thirds undivided interest is concerned. Appropriate equity pleading covers these complaints and prayed relief.

The respondents insist that approximately 140 additional parties are necessary, and in support of that contention set out the names and addresses of their lessors. They also contend that, since it appears from the face of the bill that the complainants are out of possession, they have no right to sue for the removal of a cloud upon their title or to quiet the same, and that, since the bill shows that the respondents are in actual possession, it must not be maintained. They further press the suggestion that it is apparent that the complainants have a full, complete, and adequate remedy at law by ejectment and that they are not entitled to an accounting until the title is determined by such remedy at law. They also suggest that the discovery sought should not be granted; that the bill presents no equity; and that the complainants' demand is stale.

Acknowledging the national court rule to be, that an action to remove cloud from title cannot be brought by a party out of possession, since there is a legal remedy in trespass to try title, that is adequate, Twist v. Prairie Oil & Gas Co., 274 U.S. 684, 691, 47 S.Ct. 755, 71 L.Ed. 1297; U. S. v. Standard Oil Co., D. C., 20 F.Supp. 427, 434; Choice v. Texas Co., D.C., 2 F.Supp. 160; Tannille v. Copeland, D.C., 288 F. 860, 862; Sabine Hardwood Co. v. Houston Oil Co., 5 Cir., 14 F.Supp. 743, 746, a cause such as is pleaded here comes within an exception that is equally well established, Smith v. Minor, 5 Cir., 83 F.2d 970, 971; U. S. v. Standard Oil & Gas Co., supra; Higgins Oil & Fuel Co. v. Snow, 5 Cir., 113 F. 433.

. The wrong of which complainants complain is the immediate conversion of minerals—oil and gas—from lands to which they assert a cotenancy. This alleged wrong, they assert, is being committed by the respondents. That respondents may have contracts with other parties, to whom they may make returns, or to whom they may have obligations, is uninteresting to the complainants. They have a right to look for reimbursement, if they see fit so to do, to those who are committing the trespasses and wrongs. If respondents wish the outsiders, as between them and the complainants, brought into the case, they have the right to do that. The big part of this action is the accounting, which is a pure equity. The removal of clouds and the restraints sought may also be so classed.

The motion to dismiss is overruled.